# THE

# New York Supplement

## VOLUME 39.

(5 App. Div. 268.)

### IDEL v. MITCHELL.

(Supreme Court, Appellate Division, First Department. May 15, 1896.)

CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action for personal injuries, it appeared that plaintiff caught her foot on a nail in the stairway of defendant's building, in which she had apartments. At the time of the accident, plaintiff was engaged in sweeping the stairs, as required by her contract with defendant. Plaintiff testified that before the accident she had noticed nails in the stairs, and had called the attention of defendant's agent to them; that the agent requested her to drive the nails in; and that she drove in all that she saw. Plaintiff's husband testified that on the day after the accident he found nails on the stairs, extending about half an inch out of the wood. Defendant did not deny that he was informed by plaintiff of the existence of these nails. *Held*, that negligence and contributory negligence were questions for the jury. Van Brunt, P. J., dissenting.

Appeal from circuit court, New York county.

Action by Caroline Idel against Edward Mitchell for personal injuries. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Austen G. Fox, for appellant.

William King Hall, for respondent.

INGRAHAM, J. The plaintiff had, with her husband, occupied an apartment in the premises No. 72 West Third street, in this city, for about 10 years prior to February 24, 1893. The defendant had purchased the premises about 8 years prior to that time. It appeared that the tenants in the building were required to clean the stairways weekly in turn, and the plaintiff was in the habit of, once ·in each week, sweeping the stairways leading from the floor on which her apartments were situated to the floor below. At the time of this accident the apartment on the floor below was vacant, and plain-· tiff undertook to sweep the stairs from the floor below, which was

the second floor, to the first floor.    Some months before this accident a carpet had covered these stairways, but it had been removed, leaving the stairs without a carpet or other cover.   Some time before the 24th day of February the plaintiff had noticed that there were several nails on these stairs, and had called the attention of the defendant's agent, when he called to collect the rent, to that fact; and the defendant's agent requested the plaintiff to get a hammer and drive the nails in, which request she had complied with, and had driven in all that she saw.    On the 24th day of February, 1893, the plaintiff was engaged in cleaning these stairs, as required of her by her contract with the defendant, when her foot caught in a nail that was protruding near the edge of one of the steps; and she was thrown down and sustained injuries, to recover for which this action is brought.

The husband of the plaintiff testified that on the day after the accident he examined the stairs from which plaintiff alleges that she fell, and found there nails extending out of the wood about one-half an inch.    The defendant's agent who collected the rent does not deny that he was informed by the plaintiff of the existence of these nails.    He does deny receiving the notice that plaintiff's husband says he gave, but does not deny receiving notice from the plaintiff herself.    The defendant called witnesses to show that there were no nails upon these stairs in June preceding the accident, but the plaintiff testified that at that time the carpet had not been removed. Under these circumstances, we think it was a question for the jury to say whether or not the defendant was negligent, and whether the plaintiff was free from contributory negligence.    It is well settled that an owner of property, who rents apartments to different tenants, is bound to exercise care in keeping the halls and stairways of the building leading to such apartments in a reasonably safe condition, and that for a failure to perform that duty he is liable to any one injured who was free from contributory negligence.    Upon removing this carpet from the stairs, thus taking away the material that covered any nails or unevenness in the floor of the stairs which would cause any one using the stairs to fall, the defendant was bound to see to it that the stairs were placed in a reasonably safe condition for use without the carpet.    That was the duty incumbent upon the defendant, not upon the plaintiff, and she had a right to rely upon the defendant's performing that duty; and when she discovered that, in consequence of these nails upon the steps of the stairs, the stairs were unsafe, and gave notice to the agent of the defendant to repair them, it then became the duty of the defendant, or his agent, acting for him, to make a proper examination of the premises, and see to it that they were in a safe condition.    He could not absolve himself by requesting the plaintiff to perform that duty; and the fact that she did comply with his request, by removing such nails as she noticed, would not relieve him from liability for the unsafe condition of any of the steps upon which she failed to notice an obstruction.    Notice of the fact that nails were on the stairs for a considerable period prior to the time of the accident was given to the defendant's agent, and no effort was made by him to examine

and see whether the stairs were safe, and the nails removed; and this presented a question for the jury to determine,—whether or not the defendant had performed the duty the law imposed upon him. We think, therefore, that the question of the defendant's negligence was properly left to the jury. Whether the plaintiff was free from contributory negligence was also a question for the jury. She was engaged at the time in sweeping the stairs,—performing a duty imposed upon her by her contract with the defendant. As to her method of performing that duty, it was a question for the jury to say whether she exercised the care of an ordinarily prudent person. We cannot say, as a matter of law, that, where a person is required to sweep down a flight of stairs, it is negligence to sweep them facing the steps, rather than in some other way. She had known of the existence of these nails, and, although under no legal obligation, she had endeavored to make the stairs safe by driving in or removing such nails as she could see, or did see. The fact that, notwithstanding her efforts, some nails escaped her attention, and her use of the stairs after a knowledge that nails had been there, were facts for the jury to consider upon the question of her negligence. We think that their finding that she was free from contributory negligence was sustained by the evidence. The case was submitted to the jury with a charge certainly as favorable to the defendant as the facts warranted. The verdict was a moderate one, and we see no reason to disturb it.

There were several exceptions to the refusal of the judge to charge requests presented by the defendant, but none of them have been relied upon before us, and none of them appear to have been substantial.

The judgment should therefore be affirmed, with costs.

BARRETT, RUMSEY, and O'BRIEN, JJ., concur.

VAN BRUNT, P. J. (dissenting). This action was brought by the plaintiff, a tenant of premises No. 72 West Third street, against the defendant, as landlord of the premises, to recover damages for injuries claimed to have been sustained by the plaintiff by falling down part of a flight of stairs in said building, it being claimed that said fall was caused by the improper condition of the said stairs. It appears from the evidence that for some time previously there had been upon the stairs a carpet, which had been removed, and that the plaintiff had been accustomed to sweep and scrub these stairs every Friday, and, having noticed a large number of nails sticking up, she spoke to the agent in regard to them, who told her to drive them in, and that she took a hammer and drove in all the nails she could find. On the Friday preceding this accident the plaintiff testified that she saw some nails sticking up, which were dangerous, and that she drove those nails in, but that she did not see the nail over which she tripped and fell. The plaintiff further testified:

"Q. Did you drive in more than one nail? A. Yes, sir. Q. All you could find? A. Yes, sir; when I washed the floor or walls, when there was one out, I knocked it in, or I would spoil my fingers. Q. As a matter of fact, you drove

in all the nails that were sticking out,—that you could see? A. All that I could see. Q. What part of the stairs was it you drove the nails in? A. All parts."

The witness subsequently stated that she did not scrub that flight of stairs, but only swept it, but that, whenever she noticed a nail, she drove it in, and was very careful about it.

Upon this state of the evidence, a motion was made to dismiss the complaint, which was denied. It seems to me that this was error. If the plaintiff, in sweeping down the stairs the week before, did not discover the particular cause of the accident, it is difficult to see how the landlord could be charged with notice thereof. It is true that she testifies to the defects in the stairs, and to nails sticking up, but she also testifies that she drove in all that she could find; and even assuming that there were other nails sticking up, and that it was negligence upon the part of the landlord to allow them to be there, still, according to her own showing, those particular nails did not contribute to the happening of the accident. The witness says:

"On the first Friday just before I was hurt, I saw a nail that was dangerous. * * * I did not take a hammer and drive it in. It was not my business to do it. I had done it before. That nail I think I tumbled over on Friday. I did not see that nail there the Friday before."

In several other places, however, the witness testified that she drove in all the nails that she saw. Other witnesses were examined, who testified to seeing old nails sticking up, and that some had been pulled out, and some driven in. The husband of the plaintiff testified that he told the agent about the bad condition of the stairs, who stated that he would fix them as soon as possible. From this condition of the evidence, it does not appear that anything of which the landlord had notice, or which had existed for a sufficient length of time to justify us in holding that he had constructive notice, contributed in any way to the happening of the accident. I think, therefore, that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.